# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| OASIS LEGAL FINANCE OPERATING COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Hon. |
| NOVA FUNDING CORP., D/B/A ALLY LAWSUIT LOANS, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND TRADE LIBEL

Plaintiff Oasis Legal Finance Operating Company, LLC ("Plaintiff" or "Oasis"), by and through its undersigned counsel, and for its Complaint against Defendant Nova Funding Corp. d/b/a Ally Lawsuit Loans ("Defendant" or "Ally"), states as follows:

### NATURE OF THE ACTION

1.      This is an action arising out of Defendant's unlawful and intentional infringement of Oasis' federally registered and common law trademarks, unfair competition, false advertising, and trade libel by Defendant. As detailed herein, Defendant has: (1) infringed on Oasis' federally registered marks in violation of 15 U.S.C. § 1114; (2) unfairly competed, used false advertising, and/or used misleading descriptions and representations of fact in violation of 15 U.S.C. § 1125(a); (3) committed false advertising and deceptive trade practices in violation of 815 ILCS 510/1 *et seq.* and N.Y. GEN. BUS. LAW § 349; (4) committed unfair competition, false advertising, and trade libel, and trademark infringement in violation of Illinois law; and (5) diluted and tarnished

1

Oasis' Marks in violation of N.Y. GEN. BUS. LAW § 360-L, and thereby benefitted to the ongoing detriment of Oasis.

**PARTIES**

2.       Oasis a Delaware limited liability company with its principal place of business located at 9525 W Bryn Mawr Ave., Suite #900, Rosemont, IL 60018.

3.       Oasis provides pre-settlement legal funding in 41 states across the country.

4.       Upon information and belief, Defendant Nova Funding Corp. d/b/a Ally Lawsuit Loans, is a corporation organized under the laws of California.

5.       Nova Funding Corp. identifies the following addresses as its places of business: 2118 Wilshire Blvd., Santa Monica, California, 90403 and 11601 Wilshire Blvd., Suite 410, Los Angeles, California, 90025.

6.       Ally Lawsuit Loans identifies the following addresses as its places of business: 2101 CityWest Blvd., Houston, Texas, 77042, and 2118 Wilshire Blvd., Santa Monica, California, 90403.

7.       Defendant does substantial business in Illinois, New York and this District and has committed acts within and outside Illinois and New York that caused injury to Oasis within Illinois, New York, and this District. Defendant committed these acts while engaged in solicitation or service activities within Illinois, and New York and this District. As Ally states on its website:

## APPLY FOR PRE-SETTLEMENT FUNDING IN NEW YORK TODAY

If you can't wait for your settlement, contact **Ally Lawsuit Loans** today. We offer lawsuit loans in New York to plaintiffs who sustain personal injuries due to the negligence or recklessness of another.

*See* Exhibit A (https://allylawsuitloans.com/new-york-lawsuit-loan-companies/ accessed February 21, 2024).

### JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. §§ 1114, 1121 and 1125, and 28 U.S.C. §§ 1331, 1338 and 1367, in that this case arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.,* and involves related state law claims.

9.      This Court has personal jurisdiction over Defendant because it is a company that transacts significant business in and has with sufficient contacts with the state of New York and New York consumers, and pursuant to N.Y. C.P.L.R. §§ 301 and 302.

10.     Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Oasis' claims occurred in this District and because Defendants are subject to personal jurisdiction in this District.

### FACTUAL BACKGROUND

11.     For at least eight years, Oasis has provided consumer financial services under a portfolio of trademarks and related rights owned and controlled by Oasis.

12.     Oasis is the exclusive owner of the following U.S. Trademark Registrations and common law trademarks.

| Reg. No. | Mark | Goods and Services |
|---|---|---|
| Reg. No. 5,292,039, registered September 19, 2017 | OASIS FINANCIAL | Class 36: Consumer financial services |

| Reg. No. | Mark | Goods and Services |
|---|---|---|
| Reg. No. 4,990,045, registered June 28, 2016 | OASIS FINANCIAL BECAUSE LIFE MOVES FASTER THAN YOUR CASE | Class 36: Consumer financial services |
| Reg. No. 4,889,677, registered January 19, 2016 | OASIS | Class 36: Consumer financial services |
| Reg. No. 3,305,665, registered October 9, 2007 | OASIS LEGAL FINANCE | Class 36: Consumer financial services |
| Common law | Life Won't Wait for Your Settlement. Neither Should You | Consumer financial services |

True and correct copies of the Registrations for these "Oasis Marks" are attached hereto as composite **Exhibit B**.

13.   Oasis has been using in commerce its OASIS FINANCIAL Trademark for consumer finance services since at least as early as September 1, 2015. Exhibit B (OASIS FINANCIAL® registration).

14.   Oasis has been using in commerce its OASIS FINANCIAL BECAUSE LIFE MOVES FASTER THAN YOUR CASE Trademark for consumer finance services since at least as early as October 1, 2015. Exhibit B (OASIS FINANCIAL BECAUSE LIFE MOVES FASTER THAN YOUR CASE® registration).

15.   Oasis has been using in commerce its OASIS Trademark for consumer finance services since at least as early as July 15, 2003. Exhibit B (OASIS® registration).

16.     Oasis has been using in commerce its OASIS LEGAL FINANCE Trademark for consumer finance services since at least as early as July 15, 2003. Exhibit B (OASIS LEGAL FINANCE® registration).

17.     Oasis has been using in commerce its unregistered LIFE WON'T WAIT FOR YOUR SETTLEMENT. NEITHER SHOULD YOU trademark for consumer finance services since at least as early as March 1, 2019.

18.     Oasis has been offering its consumer financial services, namely, pre-settlement funding, under its Oasis Marks across the United States and within this District as described in Paragraph 3. Examples of Oasis' use of the Oasis Marks and advertising for its consumer financial services is below:





*See* https://www.oasisfinancial.com/.

19.     Oasis has established valuable and enforceable rights in its Oasis Marks and trade dress through *bona fide* and continuous use of its marks in United States commerce and advertising, including by continuous use on its website.

20.     Oasis has also used its Oasis Marks in analogous ways for many years, such as corporate names and registrations, general advertisements, etc.

21.     The above registered trademarks (the "Oasis Registered Marks") were duly issued in compliance with law, are valid and subsisting, and are *prima facie* evidence of Oasis's registration, ownership, and right to exclusive use of the Oasis Registered Marks.

22.     All of the Oasis Marks are trademarks of Oasis as described, are valid and subsisting, and Oasis has developed secondary meaning in each of those marks.

23.     The Oasis Marks symbolize and represent the goodwill of Oasis and are an intangible asset of substantial commercial value to Oasis. These marks are inherently strong, and have gained commercial secondary meaning as a result of Oasis' extensive sales, advertising, and promotional efforts using the Oasis Marks.

24.    Additional representative examples of how Oasis has used its Oasis Marks in commerce are shown below:





Excerpt from 2013 Oasis advertisement utilizing its OASIS LEGAL FINANCE® mark.

**Oasis** Legal Finance

provides a cash advance to a plaintiff in exchange for a stake in the outcome of the plaintiff's case. We provide you *cash now*. In return, you grant us a right to a portion of proceeds you may receive from your case. Your case may be pending before a trial or appellate court, in early to late stages of litigation. Many kinds of civil cases may qualify.

Maybe Your Lawyer Told You ...
Litigation is risky and often takes years for your case to settle or resolve. If injured or disabled, you may have lost wages, and may need cash now to pay your rent or mortgage, pay household expenses, reduce debt, or cover medical expenses.

Perhaps You've Considered ...
Many plaintiffs consider taking a low settlement offer from the defendant or his insurance company, realizing that waiting for full recovery might take far too long.

Our funding allows you to continue to pursue your case, to achieve a fair resolution of your claims on the merits, not based on whose pockets are deeper.

Banks Can't Come Close...

We've Reduced Your Risk ...
The application is free, and you are under no obligation. The only payment you may make to us will be **after you settle or win your case**! No up-front fee. No payment if you do not settle or do not win your case."

Thousands of plaintiffs have decided to accept needed cash now, in exchange for part of the uncertain future proceeds from their lawsuit. Why not you? It's easy to apply today.

Excerpt from 2006 Oasis brochure utilizing its OASIS LEGAL FINANCE® mark.

7



Still image of a 2017 YouTube video that utilizes the OASIS LEGAL FINANCE® mark.

25.     Oasis has spent considerable sums promoting the Oasis Marks and developing secondary meaning and goodwill with respect to those Marks and developing a strong reputation in the minds of consumers and the public at-large. In so doing, Oasis has established itself as a reliable source for consumer financial services, and has developed significant and substantial goodwill among the public in its Oasis Marks for its consumer financial services.

26.     In 2022, Oasis served over 9,000 consumers that reside in Illinois, with originations of over $20 million from its activities in Illinois.

27.     In 2022, Oasis served over 5,000 consumers that reside in New York, with originations of over $17 million from its activities in New York.

28.     Oasis has consistently received excellent reviews from customers. *See, e.g.,* Exhibit C (Trustpilot reviews: 4.6/5 Stars; https://www.trustpilot.com/review/oasisfinancial.com).

29.     In addition to Oasis' rights under the Trademark Act, Oasis has acquired substantial and enforceable common law rights by virtue of use of the Oasis Marks in commerce, including such use in commerce in Illinois, New York, and in this District.

## DEFENDANT'S INFRINGEMENT

30.     Defendant operates multiple litigation funding companies, doing business as Nova Legal Funding and/or Ally Lawsuit Loans, that directly compete with Oasis.

31.     Defendant is infringing Plaintiff's rights in the Oasis Marks at least by (1) using the marks "Oasis," "Oasis Legal Finance," and "Oasis Financial" in conjunction with Defendant's website and advertisement of Defendant's consumer financial services; and (2) using the confusingly similar mark "When Life Won't Wait For Your Settlement, You Deserve An Ally" in conjunction with advertising their consumer financial services (correspondingly, Defendant's "Infringing Marks" and "Infringing Services"), as further set forth as follows.

32.     Defendant is violating Oasis' rights in its OASIS FINANCIAL® Trademark by using, without authorization, "OASIS," "OASIS LEGAL FINANCE," and "OASIS FINANCIAL" in connection with offering Defendants' pre-settlement funding products and services, the exact same services for which Oasis uses its OASIS®, OASIS LEGAL FINANCE®, AND OASIS FINANCIAL® Marks.

33.     Defendant's use of Oasis' OASIS®, OASIS LEGAL FINANCE®, AND OASIS FINANCIAL® Trademarks has caused and is likely to cause consumer confusion.

34.     Defendant's violations include, but are not limited to, Defendant's unauthorized use of Oasis' OASIS®, OASIS LEGAL FINANCE®, AND OASIS FINANCIAL® marks as shown on Defendant's website ("Defendant's Fake Oasis Webpage"):



HOW IT WORKS     IS IT A LOAN?     RATES     CASES     BLOG     APPLY NOW     🔍

## *Oasis Financial, LLC*

Category: **Lawsuit Funding Company Reviews**   |   Tags: **# Oasis Legal Finance LLC**   |   Last Updated: **October 17th, 2023**

> *Oasis Financial, LLC was founded in 1996 by attorneys who wanted to find a financial solution for their clients struggling to pay bills and making ends meet during their lawsuits.*

### HOW OASIS LEGAL FINANCIAL WORKS

Oasis aims to provide financial assistance via **pre-settlement funding** while the case is being handled, which is a good option for people who need extra cash to get the bills paid.



**ARTICLE CONTENTS**

**1.** **How Oasis Legal Financial Works**

**2.** How Ally Lawsuit Loans and Oasis Legal Financial Compare

**2.1.** Ally Lawsuit Loans Guarantees the Lowest Rate in the Industry

**2.2.** Both Companies Offer Risk-Free Settlement Funding

**2.3.** How Long Does it Take for the Companies to Approve Applications?

**2.4.** Neither Company Performs a Credit Check on Applicants

**2.5.** What's the Average Lawsuit Funding Amount?

## HOW ALLY LAWSUIT LOANS AND OASIS LEGAL FINANCIAL COMPARE

When looking for **legal funding**, you should compare all of your options. Here are some of the ways that Ally Lawsuit Loans compares to Oasis Legal Financial.

## ALLY LAWSUIT LOANS GUARANTEES THE LOWEST RATE IN THE INDUSTRY

After this review, Oasis determines whether to offer the plaintiff a settlement cash advance.

## OASIS FINANCIAL PRICING

Customers do not pay an application fee to apply for a settlement cash advance from Oasis Financial, and the company requires no upfront charges.

Oasis offers cash advances ranging from $500 to $100,000.

Plaintiffs with higher settlement potential (as determined when Oasis Financial reviews each case) are eligible for more money in an Oasis advance.

*See* https://allylawsuitloans.com/oasis-legal-finance-llc/.

35.     Further, Defendant is infringing on Oasis' common law LIFE WON'T WAIT FOR YOUR SETTLEMENT. NEITHER SHOULD YOU mark by using the confusingly similar mark "When Life Won't Wait For Your Settlement, You Deserve An Ally" in connection with Defendant's sale of pre-settlement funding services, as seen below:



*See* https://allylawsuitloans.com/; https://allylawsuitloans.com/oasis-legal-finance-llc/. Such use by Defendant is likely to cause confusion with Oasis because the first half of Defendant's tagline is identical to Oasis' and Defendant uses the tagline for the exact same type of consumer finance services as Oasis: pre-settlement funding.

36.    Defendant created their Fake "Oasis Webpage" with the purpose of deceiving consumers into applying for pre-settlement litigation funding through Defendant. Defendant did so in a willful attempt to create confusion and unfairly compete with Plaintiff by tricking consumers into thinking Defendant is affiliated with Oasis when in fact it is a direct competitor.

37.    Defendant attempts to disguise its unlawful scheme by creating a pretextual "review site" for Oasis is a thinly-disguised ruse to unlawfully drive web traffic and consumers away from Oasis to Defendant. A true and correct copy of the Defendant's Fake Oasis Webpage is attached hereto Exhibit D.

38.    Defendant's pre-settlement funding services directly compete with Oasis' pre-settlement funding services. Defendant's use of Oasis' Marks, and marks closely resembling the

Oasis Marks, in conjunction with Defendant's advertising for the same services, is likely to and will cause confusion.

39.     Moreover, Defendant's pre-settlement funding services, using the Infringing Marks, are advertised in the same channels of commerce as Oasis, in the same states, and cater to the same customers, which increases the likelihood of confusion.

40.     Defendant's use of the "OASIS," "OASIS LEGAL FINANCE," "OASIS FINANCIAL," and "When Life Won't Wait For Your Settlement, You Deserve An Ally" in connection with offering Defendants' pre-settlement funding has, on information and belief, caused consumer confusion and is likely to cause consumer confusion with the Oasis Marks.

### WILLFUL INFRINGEMENT

41.     On information and belief, Defendant, after observing the Oasis Marks on Oasis' website, intentionally and willfully misappropriated the Oasis Marks and began using the Oasis Marks as described herein on their competing website.

42.     On April 17, 2020, May 6, 2020, October 5, 2021, and December 22, 2021, Oasis, through its attorneys, made Defendant expressly aware of the Oasis Marks and the infringing nature of Defendant's conduct, and requested Defendant cease and desist from infringing upon the Oasis Marks in connection with Defendant's business. *See* **Exhibit E.**

43.     Defendant's founder, Ron Sinai, called counsel for Oasis and acknowledged receipt of the December 22, 2021, letter. Mr. Sinai and Defendant ignored Oasis and, with actual knowledge of Oasis' rights, continues to infringe.

44.     Defendant's use of words and marks identical to and confusingly similar to the Oasis Marks in connection with the advertisement and sale of Defendant's pre-settlement funding

services is likely to confuse the public as to the source of the services, and that Defendant is associated, affiliated or connected with, or sponsored or approved by, Oasis when it is not.

45.    Defendant is not, nor has ever been, affiliated with Oasis and has never been licensed or otherwise authorized by Oasis to use the Oasis Marks.

46.    Defendant's unauthorized use of the Oasis Marks is with actual notice of Oasis' registered rights therein by virtue of both actual awareness of Oasis and Oasis' federal trademark registration.

47.    Defendant's use of the Oasis Marks is with the deliberate intent to freeride on the goodwill that Oasis has established in the Oasis brand and with the deliberate attempt to create a false impression as to the source and sponsorship of Defendant's products and services. If Defendant's conduct is not enjoined, Oasis will face irreparable harm, particularly due to great injury to the value of the Oasis Marks and ability of the Oasis Marks to distinguish Oasis' goods.

48.    Defendant's conduct is intentionally fraudulent, malicious, willful, and wanton. Defendant's continued use of Oasis' Marks after notice and direct communications with Oasis' counsel about the Oasis Marks reflects a clear, intentional scheme to unlawfully benefit from willful infringement of Oasis' intellectual property and unfairly compete with Oasis.

**DEFENDANT'S FALSE ADVERTISEMENTS AND FALSE STATEMENTS**

49.    Defendant has published and continues to publish false advertisements with false statements about Oasis and Oasis' services, in connection with Oasis' marks, on Defendant's website in connection with the offering for sale of Defendant's services.

50.    Specifically, Defendant's advertisement:

(a)    Mischaracterizes Oasis' pre-settlement funding as "an advance;"

(b)    Falsely states that Oasis has a disclaimer on the length of time for funding;

(c)    Falsely states that Oasis estimates two full days to review funding applications;

(d)    States that Oasis offers its pre-settlement funding cases for workers' compensation cases but does not include Oasis' disclaimer that such service is "subject to applicable law;"

(e)    Falsely states that the speed with which Oasis deposits funds into customers' accounts is subject to state laws;

(f)    Falsely states that Oasis "claims" that plaintiffs that lose do not have to pay when Oasis does not merely "claim" this – it is Oasis' policy;

(g)    Falsely states that customer fees could be more than the final settlement amount;

(h)    Falsely states that Colorado sued Oasis;

(i)    Falsely states that Oasis was founded in 1999;

(j)    Falsely states that Oasis "claims" to write off fundings related to unsuccessful cases;

(k)    Contains a supposed review from Highya that states the customer reviewed Oasis and found that Oasis charges, at times, more than the settlement amount, which is a false statement. Further, this "review" is fraudulent; and

(l)    Falsely states that Ally Lawsuit Loans is BBB accredited.

Collectively, "Defendant's False Advertisements."

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114) – OASIS®

51.    Oasis realleges the foregoing paragraphs as if fully set forth herein.

52.    Oasis exclusively owns valid and enforceable rights in its OASIS Registered Mark.

53.    Defendant has, without Oasis' consent, used Oasis' OASIS Registered Mark, and/or words, names or symbols that are the same as or substantially similar to the OASIS Registered Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of their offending services in a manner that is likely to cause confusion, mistake, or to deceive the public.

54.     Defendant has, without Oasis' consent, reproduced, counterfeited, copied, and/or colorably imitated the OASIS Registered Mark and applied such reproduction, counterfeit, copy, and/or colorable imitation to the advertisements of its offending services in connection with the sale, offering for sale, distribution, or advertising of their offending services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

55.     As a direct and proximate result of Defendant's conduct, Oasis has suffered and will continue to suffer economic harm in the form of lost revenue, lost profits and in the form of harm to the value and goodwill associated with the OASIS Registered Mark and Oasis' reputation in the industry.

56.     Because and since Defendant has been aware of Oasis and Oasis' Marks and Oasis' pre-settlement funding services, and because Defendant's Marks are identical to and/or nearly identical to Oasis' Registered Marks, including use of multiple identical registered marks, Defendant's conduct was and is knowing and willful.

57.     Given the Defendant's willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of their infringement, this is an exceptional case under 15 U.S.C. § 1117.

58.     As the acts alleged herein constitute infringement by Defendant of Oasis' OASIS Registered Mark under 15 U.S.C. § 1114, and as Oasis has no adequate remedy at law, Oasis is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, Oasis' lost profits, all damages sustained by Oasis, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

## COUNT II – FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114) – OASIS LEGAL FINANCE®

59.     Oasis realleges the foregoing paragraphs as if fully set forth herein.

60.     Oasis exclusively owns valid and enforceable rights in its OASIS LEGAL FINANCE Registered Mark.

61.     Defendant has, without Oasis' consent, used Oasis' OASIS LEGAL FINANCE Registered Mark, and/or words, names or symbols that are the same as or substantially similar to the OASIS LEGAL FINANCE Registered Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of their offending services in a manner that is likely to cause confusion, mistake, or to deceive the public.

62.     Defendant has, without Oasis' consent, reproduced, counterfeited, copied, and/or colorably imitated the OASIS LEGAL FINANCE Registered Mark and applied such reproduction, counterfeit, copy, and/or colorable imitation to the advertisements of its offending services in connection with the sale, offering for sale, distribution, or advertising of their offending services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

63.     As a direct and proximate result of Defendant's conduct, Oasis has suffered and will continue to suffer economic harm in the form of lost revenue, lost profits and in the form of harm to the value and goodwill associated with the OASIS LEGAL FINANCE Registered Mark and Oasis' reputation in the industry.

64.     Because and since Defendant has been aware of Oasis and Oasis' Marks and Oasis' pre-settlement funding services, and because Defendant's Marks are identical to and/or nearly identical to Oasis' Registered Marks, including use of multiple identical registered marks, Defendant's conduct was and is knowing and willful.

65.     Given the Defendant's willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of their infringement, this is an exceptional case under 15 U.S.C. § 1117.

66.     As the acts alleged herein constitute infringement by Defendant of Oasis' OASIS LEGAL FINANCE Registered Mark under 15 U.S.C. § 1114, and as Oasis has no adequate remedy at law, Oasis is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, Oasis' lost profits, all damages sustained by Oasis, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

<u>**COUNT III – FEDERAL TRADEMARK INFRINGEMENT**</u>
<u>**(15 U.S.C. § 1114) – OASIS FINANCIAL®**</u>

67.     Oasis realleges the foregoing paragraphs as if fully set forth herein.

68.     Oasis exclusively owns valid and enforceable rights in its OASIS FINANCIAL Registered Mark.

69.     Defendant has, without Oasis' consent, used Oasis' OASIS FINANCIAL Registered Mark, and/or words, names or symbols that are the same as or substantially similar to the OASIS FINANCIAL Registered Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of their offending services in a manner that is likely to cause confusion, mistake, or to deceive the public.

70.     Defendant has, without Oasis' consent, reproduced, counterfeited, copied, and/or colorably imitated the OASIS FINANCIAL Registered Mark and applied such reproduction, counterfeit, copy, and/or colorable imitation to the advertisements of its offending services in

connection with the sale, offering for sale, distribution, or advertising of their offending services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

71.     As a direct and proximate result of Defendant's conduct, Oasis has suffered and will continue to suffer economic harm in the form of lost revenue, lost profits and in the form of harm to the value and goodwill associated with the OASIS FINANCIAL Registered Mark and Oasis' reputation in the industry.

72.     Because and since Defendant has been aware of Oasis and Oasis' Marks and Oasis' pre-settlement funding services, and because Defendant's Marks are identical to and/or nearly identical to Oasis' Registered Marks, including use of multiple identical registered marks, Defendant's conduct was and is knowing and willful.

73.     Given the Defendant's willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of their infringement, this is an exceptional case under 15 U.S.C. § 1117.

74.     As the acts alleged herein constitute infringement by Defendant of Oasis' OASIS FINANCIAL Registered Mark under 15 U.S.C. § 1114, and as Oasis has no adequate remedy at law, Oasis is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, Oasis' lost profits, all damages sustained by Oasis, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

## COUNT IV – FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

75.     Oasis realleges the foregoing paragraphs as if fully set forth herein.

76.     Defendant has unlawfully used the Oasis Marks, and colorable imitations thereof, in connection with their offending products and services, and in their advertising of the same in a manner which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oasis, or as to the origin, sponsorship, or approval of the offending services.

77.     Defendant has used the Oasis Marks, or colorable and confusing imitations thereof, in connection with pre-settlement funding services and the advertising of the same in a manner that misrepresents the source, nature, characteristics, or qualities of the offending services.

78.     As a direct and proximate result of Defendant's conduct, Oasis has suffered and continues to suffer economic harm in the form of lost sales, lost profits and in the form of harm to the value and goodwill associated with the Oasis Marks and Oasis' reputation in the industry.

79.     Defendant's infringing conduct was and is knowing and willful.

80.     Given the Defendant's willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of the infringement, this is an exceptional case under 15 U.S.C. § 1117.

81.     As the acts alleged herein constitute infringement by Defendant of Oasis' Marks under 15 U.S.C. § 1125(a), and as Oasis has no adequate remedy at law, Oasis is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, Oasis' lost profits, all damages sustained by Oasis, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

## COUNT VI – FEDERAL FALSE ADVERTISING
### (15 U.S.C. § 1125(a))

82.     Oasis realleges the foregoing paragraphs as if fully set forth herein.

83.     Defendant has unlawfully made false statements of fact about Oasis' pre-settlement funding services and other business services and activities in advertisements for Defendant's own pre-settlement funding services as described in Paragraph 38 ("Defendant's False Advertisements").

84.     Each of Defendant's False Advertisements has on information and belief deceived, and has a tendency to deceive, a substantial segment of its audience as to Oasis' services and reputation.

85.     Each of the False Advertisements is used in commercial advertising or promotion and misrepresents the nature, characteristics, and qualities of Oasis' goods, services, and commercial activities.

86.     Further, the deception is material, in that it is likely to influence consumers' purchasing decisions.

87.     Defendant caused each of these False Advertisements to enter interstate commerce by using the statements in connection with Defendant's advertisement of its services.

88.     As a direct and proximate result of Defendant's conduct, Oasis has suffered and continues to suffer economic harm in the form of lost sales, lost profits and in the form of harm to the value and goodwill associated with the Oasis Marks and Oasis' reputation in the industry.

89.     Given the Defendant's willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of the infringement, this is an exceptional case under 15 U.S.C. § 1117.

90.     As the acts alleged herein constitute infringement by Defendant of Oasis' Marks under 15 U.S.C. § 1125(a), and as Oasis has no adequate remedy at law, Oasis is entitled to

injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendant's revenues and profits, Oasis' lost profits, all damages sustained by Oasis, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

COUNT VII – COMMON LAW TRADEMARK INFRINGEMENT

91.    Oasis realleges the foregoing paragraphs as if fully set forth herein.

92.    Oasis exclusively owns valid and enforceable rights in its LIFE WON'T WAIT FOR YOUR SETTLEMENT. NEITHER SHOULD YOU common law Mark.

93.    Defendant has, without Oasis' consent, used Oasis' LIFE WON'T WAIT FOR YOUR SETTLEMENT. NEITHER SHOULD YOU common law Mark, and/or words, names or symbols that are the same as or substantially similar to the LIFE WON'T WAIT FOR YOUR SETTLEMENT. NEITHER SHOULD YOU common law Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of their offending services in a manner that is likely to cause confusion, mistake, or to deceive the public.

94.    Defendant has, without Oasis' consent, reproduced, counterfeited, copied, and/or colorably imitated the LIFE WON'T WAIT FOR YOUR SETTLEMENT. NEITHER SHOULD YOU common law Mark and applied such reproduction, counterfeit, copy, and/or colorable imitation to the advertisements of its offending services in connection with the sale, offering for sale, distribution, or advertising of their offending services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

95.    As a direct and proximate result of Defendant's conduct, Oasis has suffered and will continue to suffer economic harm in the form of lost revenue, lost profits and in the form of harm to the value and goodwill associated with the LIFE WON'T WAIT FOR YOUR

SETTLEMENT. NEITHER SHOULD YOU common law Mark and Oasis' reputation in the industry.

96.     Because and since Defendant has been aware of Oasis and Oasis' Marks and Oasis' pre-settlement funding services, and because Defendant's Marks are identical to and/or nearly identical to Oasis' Marks, including use of multiple identical registered marks, Defendant's conduct was and is knowing and willful.

<u>COUNT VII - ILLINOIS COMMON LAW</u>
<u>UNFAIR COMPETITION</u>

97.     Oasis realleges the foregoing paragraphs as if fully set forth herein.

98.     Defendant has used Oasis' names, symbols, and marks, including but not limited to the Oasis Marks, in connection with their offending pre-settlement funding services in a manner which is calculated to deceive and cause consumers to do business with Defendant when those consumers intended to and/or would otherwise have done business with Oasis.

99.     Defendant's use of Oasis' Marks creates a likelihood of confusion as to misunderstanding as to the source, sponsorship approval or certification of Oasis' and Defendant's goods or services.

100.    Defendant's use of Oasis' Marks disparages Oasis' Marks by making false or misleading representation of fact as to Oasis' Marks.

101.    The foregoing acts constitute palming off, misappropriation, deceptive trade practices, and/or unfair competition under Illinois law.

102.    Oasis has suffered economic injury as a result of Defendant's palming off, unfair competition, deceptive trade practices, and misappropriation via sales of offending services.

103.     Given the identical or nearly identical names of the offending products and services, including use of the Oasis Marks, and Defendant's knowledge of the Oasis Marks, Defendant's conduct was knowing, malicious and fraudulent.

### COUNT VIII – FALSE ADVERTISING (815 ILCS 510/2)

104.     Oasis realleges the foregoing paragraphs as if fully set forth herein.

105.     Defendant's use, advertisement, and sale of the offending services in conjunction with the Infringing Marks, as alleged herein, constitute Illinois consumer fraud and deceptive business practices in violation of 815 ILCS 505/2 *et seq.*, including by way of:

(a)     Passing off its services with the Infringing Marks as genuine Oasis services;

(b)     Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, sponsorship, approval or certification of Oasis' services, and Oasis Marks;

(c)     Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, affiliation, connection, or association with Oasis' services, and the Oasis Marks;

(d)     Using deceptive and/or misleading representations by selling its products and services in conjunction with similar and confusing marks; and/or

(e)     Making false statements as to Oasis, Oasis' services, and the quality of Oasis' services.

106.     As stated herein, Defendant's actions, including employing practices in commerce as set forth in Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and by selling their services in conjunction with the Oasis Marks without Oasis' consent or authorization, and misappropriating the Oasis brand, reputation, and/or trade dress constitute consumer fraud and deceptive business practices in Illinois.

107.   Defendant's actions in falsely disparaging Oasis and Oasis' services as described herein additionally constitutes false advertising under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

108.   Oasis has been damaged, and is likely to continue to be damaged, by Defendant's infringement and deceptive trade practices, including in lost sales, lost and damaged goodwill, lost customers, lost profits, lost business opportunities, and lost and damaged value of the Oasis Marks, and in damaged reputation amongst consumers. Accordingly, pursuant to 815 ILCS 505/10(a), Oasis is entitled to damages and injunctive relief upon terms that the Court deems reasonable.

109.   Defendant intentionally and willfully copied genuine Oasis Marks without prior authorization.

110.   Defendant intentionally and knowingly made false statements regarding Oasis and Oasis' services.

111.   Oasis has no adequate remedy at law for the Defendant's wrongful actions.

112.   Unless and until enjoined, Defendant's violations and wrongful acts have injured and will continue to injure Oasis.

113.   As a consequence of Defendant's actions, Oasis has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

### COUNT IX – TRADE LIBEL

114.   Oasis realleges the foregoing paragraphs as if fully set forth herein.

115.   Defendant has unlawfully made false statements of fact about Oasis' pre-settlement funding services in advertisements for Defendant's own pre-settlement funding services as described in Paragraph 38 ("Defendant's False Advertisements").

116.   Each of these False Statements has on information and belief deceived, and has a tendency to deceive, a substantial segment of its audience as to Oasis' services and reputation.

117.    Defendant's False Statements were willfully, intentionally, and maliciously made to confuse, mislead, and divert customers from Oasis and to Defendant.

118.    As a direct and proximate result of Defendant's conduct, Oasis has suffered and continues to suffer economic harm in the form of lost sales, lost profits and in the form of harm to the value and goodwill associated with the Oasis Marks and Oasis' reputation in the industry.

## COUNT X – DILUTION (N.Y. GEN. BUS. LAW § 360-L)

119.    Oasis realleges the foregoing paragraphs as if fully set forth herein.

120.    Oasis' Marks uniquely identify the services it offers (pre-settlement lawsuit loan services) as distinctly emanating from Oasis.

121.    Defendant has used Oasis' names, symbols, and marks, including but not limited to the Oasis Marks, in connection with their own offending pre-settlement lawsuit funding services in a manner which is calculated to deceive and cause consumers to do business with Defendant when those consumers intended to and/or would otherwise have done business with Oasis.

122.    Consumers researching pre-settlement lawsuit loans do not tend to be very sophisticated in choosing such services nor exercise significant care in reviewing such services and selecting a provider from which to purchase lawsuit loan services.

123.    Oasis is the senior user of its marks, and Defendant has no right to use the exact same and similar marks for the exact same and similar goods.

124.    Oasis has used its marks to do substantial business across the United States, including in Illinois, New York, and this District, making the Oasis Marks well renowned as a source indicator of Oasis' pre-settlement lawsuit loans.

125.    Defendant's use of the Oasis Marks implies an association or endorsement that does not exist and is therefore blurring the Oasis Marks as a source identifier for Oasis' pre-settlement lawsuit loans.

126.    Further, Defendant is falsely depicting and describing Oasis in its infringing uses, which is tarnishing Oasis' reputation.

127.    As a direct and proximate result of Defendant's conduct, Oasis has suffered and continues to suffer economic harm in the form of lost sales, lost profits and in the form of harm to the value and goodwill associated with the Oasis Marks and Oasis' reputation in the industry.

### COUNT XI –UNLAWFUL DECEPTIVE ACTS AND PRACTICES (N.Y. GEN. BUS. LAW § 349)

128.    Oasis realleges the foregoing paragraphs as if fully set forth herein.

129.    Defendant has used Oasis' names, symbols, and marks, including but not limited to the Oasis Marks, in connection with their own offending pre-settlement lawsuit funding services in a manner which is calculated to deceive and cause consumers to do business with Defendant when those consumers intended to and/or would otherwise have done business with Oasis.

130.    Defendant's use of the Oasis Marks implies an association or endorsement that does not exist.

131.    Further, Defendant's False Advertisements are false and misleading and are directed as consumers to deceive and cause consumers to do business with Defendant when those consumers intended to and/or would otherwise have done business with Oasis.

132.    As a direct and proximate result of Defendant's conduct, Oasis has suffered and continues to suffer economic harm in the form of lost sales, lost profits and in the form of harm to the value and goodwill associated with the Oasis Marks and Oasis' reputation in the industry.

### RELIEF REQUESTED

WHEREFORE, Oasis respectfully requests that this Court enter a judgment in its favor and against Defendant, and award Oasis relief as follows:

A.      Judgment in Oasis' favor and against Defendant, finding Defendant in violation of all counts of the Complaint in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125, *et seq.*, 815 ILCS 510/1 *et seq.*, common law trademark infringement, unfair competition, and trade libel under Illinois common law;

B.      Judgment that, in violation of all counts of the Complaint, Defendant acted willfully, maliciously, and fraudulently;

C.      Judgment awarding to Oasis all compensation to which Oasis is entitled under 15 U.S.C. §§ 1114, 1117, 1125, 815 ILCS 510/1 *et seq.*, and/or New York and/or Illinois common law, including attorney fees, costs, expenses, and exemplary, statutory, punitive, and/or treble damages;

D.      Judgment ordering the destruction of all offending products, signage, public postings, and related advertisements in Defendant's possession, custody, or control; and

E.      Permanently enjoining Defendant, its affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons in active concert or participation with them, and mandating that Defendant immediately and forever cease, desist, and refrain from, anywhere in the world:

       i.      Directly or indirectly importing, manufacturing, distributing, advertising, promoting, making, purchasing, offering for sale, or selling any products or services bearing or in conjunction with any of the Oasis Marks, or any colorable imitation thereof;

    ii.      Inducing or enabling others to import, manufacture, distribute, advertise, promote, make, purchase, offer for sale, or sell products or services bearing or in conjunction with the Oasis Marks, or any colorable imitation thereof;

    iii.     Using the Oasis Marks;

    iv.     Unfairly competing with Oasis in any manner;

    v.      Making false or misleading statements about Oasis and/or its services;

    vi.     Forming or causing to be formed any corporation, partnership, or other entity that engages in any of the aforementioned enjoined conduct; and

F.     Awarding such other and further relief as this Court deems just and proper.

Dated: March 20, 2024

Respectfully submitted,

/s/ Robert N. Feltoon

Robert N. Feltoon
**CLARK HILL PLC**
1180 Avenue of the Americas, Suite 1910
New York, NY 10036
Office: 646.395.8580
rfeltoon@clarkhill.com

David J. Marr (*pro hac vice* forthcoming)
James P. Murphy (*pro hac vice* forthcoming)
Nicole M. Prefontaine (*pro hac vice* forthcoming)
**CLARK HILL PLC**
130 E. Randolph Drive, Suite 3900
Chicago, IL 60601
(312) 985-5900
dmarr@clarkhilll.com
jmurphy@clarkhill.com
nprefontaine@clarkhill.com

*Attorneys for Plaintiff*